IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEE POLK,<br>　#1533696,<br>　　　POLK,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br>　　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:24-CV-147-D-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and failure to prosecute.

On January 22, 2024, this case was transferred to this Court from the United States District Court for the Eastern District of Texas. Doc. 4. Although largely nonsensical and difficult to decipher, Polk seemingly intends to challenge his conditions of confinement; thus, his pleading is construed as a petition under 28 U.S.C. § 2254. Doc. 2; Doc. 3.

On January 24, 2024, the Court issued a deficiency order, advising Polk that his construed 28 U.S.C. § 2254 petition must be filed on the appropriate form with a motion for leave to proceed *in forma pauperis* or the $5.00 filing fee. Doc. 7. *See* N.D. Tex. L. Civ. R. 5.4 and N.D. Tex. Misc. Ord. 13 (requiring petitions for writ of habeas corpus on the court-approved form); N.D. Tex. Misc. Ord. 14 (requiring motions to proceed *in forma pauperis* on the court-

approved form).  The deadline for Polk's response was February 23, 2024.  As of the date of this recommendation, however, he has not responded to the Court's order, nor has he sought an extension of time to do so.  Indeed, there has been no activity whatsoever in this case since its transfer to this Court in January.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Polk has been given ample opportunity to respond to the Court's deficiency order.  He has impliedly refused or declined to do so.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution.  *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on March 6, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The one-year statute of limitations for filing a habeas corpus petition in federal court is applicable all such petitions filed in this Court.  *See* 28 U.S.C. § 2244(d).

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3